## THE AMOSKEAG MANUFACTURING COMPANY *v.* GIBBS AND CHADBOURN, TRUSTEE.

The indorsee of a negotiable security made or payable in this State, or the parties to which, at the time of making the same, resided in this State, takes it subject to any attachment, by virtue of a trustee process actually served, before the note was transferred, though the transfer was made before the note became payable, in good faith, and for a valuable consideration.

A plea by a claimant, admitted to maintain his right in a trustee process, that a note, disclosed by the trustee, was transferred to him in good faith, and for a valuable consideration, before it became payable, is bad.

The testimony of the principal debtor in a trustee process, taken under the order of the court, may be annexed to or filed with the disclosure of the trustee, and will be considered by the court in connexion with it, but it does not thereby become competent evidence to be laid before the jury.

The principal debtor is a competent witness, upon an issue as to the title of the property attached in a trustee process, tried by the jury.

The *evidence of the* principal debtor, in such case, must be given upon the stand, or his deposition must be taken as in other cases, upon notice to the parties to the issue.

FOREIGN ATTACHMENT. The plaintiffs' writ is dated December 10, 1851. The trustee disclosed that he made and delivered, at about ten of the clock in the forenoon, on the 10th day of December, 1851, two promissory notes, both

payable to said Gibbs, or order, in ninety days from date, with interest, and that the plaintiffs' writ was served on him, the trustee, " about twelve of the clock in the forenoon, on the 10th day of December, 1851," he thinks " a little before that time."

Luther Farley appeared after the disclosure was made, and claimed the notes. At the request of the plaintiffs, the court ordered the question of the ownership of the notes to be tried by the jury, and the following pleadings were filed:

Hillsborough, ss. Court of common pleas,
October term, 1853.

*Amoskeag Manufacturing Company* v. *Dolphin L. Gibbs, and Thomas Chadbourn, Trustee.*

On motion of Luther Farley of Manchester, in said county, it is ordered by the court, that he, the said Luther Farley, have leave to appear and maintain his right to the notes mentioned in the disclosure of said Thomas Chadbourn.

Attest, P. DODGE, *Clerk.*

I. And the said Luther Farley, by leave of the court here for that purpose first had and obtained, comes and defends, &c., when, &c., and says, that the said Chadbourn ought not to be charged as trustee of said Dolphin L. Gibbs, by reason of anything contained or set forth in the said disclosure of said Chadbourn, because he says that before the service of the plaintiffs' writ in this suit upon the said trustees, the notes named in the said disclosure of the said supposed trustee, had been sold and transferred to him, the said Luther Farley, in good faith, and for an adequate consideration, and this he is ready to verify, wherefore he prays judgment, that said notes were so transferred, and for his costs. By his attorneys,

MORRISON & FITCH.

II. And the said Luther Farley, by leave of the court here for that purpose, first had and obtained, comes and defends, &c., when, &c., and says, that the said supposed trustee ought not to be charged as the trustee of said Dolphin L. Gibbs in this suit, because he says, the money, rights and credits in the hands of the said supposed trustee, to wit, two negotiable promissory notes, made and payable in this State, in ninety days from date, were, before they became due, to wit, on the day of the date thereof, sold and transferred to him, the said Farley, by the said Gibbs, in good faith, and for an adequate consideration, and this he is ready to verify; wherefore he prays judgment, that said trustee be discharged, and for his costs. By his attorneys,

MORRISON & FITCH.

Hillsborough, ss. Court of common pleas,
October term, 1853.

*The Amoskeag Manufacturing Company v. Dolphin L. Gibbs, and Thomas Chadbourn, Trustee.*

And the plaintiffs, as to the plea of the said Luther Farley first above pleaded, say, that the said Chadbourn ought to be charged as the trustee of the said Gibbs, because they say, the notes named in the disclosure of the said Chadbourn had not been sold and transferred to said Luther Farley, in good faith and for an adequate consideration, before the service of the plaintiffs' said writ in this suit, upon the said Thomas Chadbourn, and this the plaintiffs pray may be inquired of by the country. By their attorney,

HERMAN FOSTER.

And the said Luther Farley doth the like. By his attorneys,

MORRISON & FITCH.

And as to the second plea of the said Luther Farley above pleaded, the plaintiffs say, that the said plea is not

Amoskeag Man. Co. *v.* Gibbs.

sufficient in law to bar them from maintaining their said action, and charging said Chadbourn as the trustee of said Gibbs; and that they are not bound by law to answer said last mentioned plea, and this they are ready to verify; wherefore they pray judgment for their damages and costs.

And the plaintiffs show to the court the following cause of demurrer, to wit: the said Farley, in his said last mentioned plea, does not allege that said notes were so sold and transferred to him before the service of said trustee process. By their attorney,

H. FOSTER.

The said Farley joins in demurrer. By his attorneys,

MORRISON & FITCH.

On motion of the plaintiffs, said Gibbs was ordered to come in and answer, but they declined to examine him. On motion of said Farley, the examination of said Gibbs was taken and sworn to in open court, and said Farley moved the court that the examination of said Gibbs be annexed to the disclosure of said Chadbourn, and the motion was denied.

The said Farley offered the said Gibbs as a witness before the jury. The court ruled for the purposes of this case, that he could not be admitted.

By agreement of the parties, the case was transferred to the superior court.

*H. Foster,* for the plaintiff.

*Morrison & Fitch,* for Farley.

BELL, J. The liability of any person, summoned as trustee of a debtor, where he is to be charged, if at all, as maker or indorser of a negotiable paper, is to be determined by the 18th and 19th sections of chapter 208 of the Revised

Statutes, (Com. Stat. 529,) which provide that "if any person summoned as trustee as aforesaid, is indebted, at the time of the service of such process or afterwards, to such debtor by a negotiable promissory note, made or payable in this State, or the parties to which, at the time of making the same, resided in this State, the court may make a rule requiring such debtor to appear, and answer on oath all interrogatories respecting the possession, transfer or other disposition of such note, and a rule or order of notice to be served upon any individual, or published in some newspaper, for the information of any person who may claim an interest in said note, so that such person may appear and show that the same was transferred to him in good faith, and for an adequate consideration, before the service of such trustee process; and the question, whether the same was so transferred to him, shall be decided by the jury, if he or the plaintiff request it. If it shall not appear that the note was so transferred, the promiser shall be charged as the trustee of such debtor, and the payment of the judgment rendered against him shall be a discharge from the note, or from such part thereof as is equal to the amount so paid by him, together with all costs taxed in his favor."

The second plea does not allege any transfer before the service of the process, nor does it allege that the note was made or payable out of the State, nor by parties residing elsewhere. It of course shows no reason why the trustee should not be charged. It would be otherwise if the rights of the indorsee were governed by the common law. If a note is indorsed in good faith, for a valuable consideration, before it is due, the indorsee, by the principles of the common law, holds it free from any claims of the creditors of the payee. But by this statute the indorsee in such case takes the note subject to the claims of any creditor who has laid an attachment upon it, by the service of a trustee process, at any time before it is transferred. This difference between the law of this State and that of others, where the

law merchant still governs, is one important to be generally known and steadily borne in mind by dealers in such securities. The plea being essentially defective, there must be judgment for the plaintiff on the demurrer.

Gibbs, the principal debtor, was called into court by the plaintiff, upon a rule pursuant to the 18th section, before recited, but upon his appearance the plaintiff declined to examine him, and his testimony was taken on motion of the claimant. The question is raised, whether his testimony, thus taken, is to be annexed to the disclosure of the trustee, agreeably to the 22d section of the same chapter, which provides that " if any person shall claim any money, goods, chattels, rights or credits, or other property, as aforesaid, in the hands of any supposed trustee, by assignment from the debtor, or otherwise, the court may permit or cause him to appear and maintain his right. The testimony of the debtor, or of any competent witness, may be taken, in such manner as the court shall direct, and filed with, or appended to the disclosure of the trustee, and the court may award such costs between such claimant, the creditor and trustee, as justice and equity may require."

We are of opinion that it is wholly immaterial upon whose motion such testimony is taken ; and where it appears that the testimony is taken, as in this case, upon motion of a party in court, we are bound to presume that the testimony was taken " in such manner as was directed by the court, and that such testimony might be rightfully filed with, or appended to the disclosure of the trustee, and the motion so to annex the testimony of Gibbs to the disclosure of the trustee, should have been granted.

As an issue had been ordered to try the claim of Mr. Farley, under the 18th section, before cited, it is evident that the testimony of Gibbs was taken, not for the purpose of having it considered by the court in connection with the disclosure, but for the purpose of its being used as evidence upon the trial before the jury, under the clause of the 28th

section, which provides that the disclosure may be evidence, which will be presently stated at length. It seems to have been the idea that if this testimony was appended to the disclosure, it might be regarded as part of it, and as such be used upon the trial. We have therefore considered this question, and the opinion we have formed is, that under the provision which makes the disclosure competent, the testimony appended to and filed with the disclosure, cannot be admitted as evidence. Such testimony may have been taken at an early stage of the cause, before any claim to the property had been interposed, and those who have become the parties in interest in the jury trial may have had no opportunity of cross examination, or of objecting to the witnesses, or their testimony; and it would be unjust to them to admit the evidence under such circumstances. The object of this provision seems to us to be to allow a party who does not desire the delay and expense of a jury trial, to take evidence under the direction of the court, to be considered by them with the disclosure, in deciding the case, while the provision is made that on a trial by jury, the disclosure, and any other competent evidence may be offered, thus leaving the evidence upon the jury trial, except in the case of the disclosure alone, to stand upon the ground of its competency, as in ordinary trials by jury. We think, therefore, that the testimony appended to, or filed with a disclosure, is not for that reason admissible; but it must be admitted or rejected on the ordinary ground of its competency.

The principal debtor, Gibbs, was offered as a witness before the jury and rejected; and upon this ruling the most important question of the case depends. The object of the previous questions was to render his testimony available. Under the 28th section the debtor is, in terms, made a competent witness. This section is as follows: " Upon disclosure made by any person summoned as trustee, the creditor may move the court that the question, whether such person is trustee or not, be tried by the jury; and upon payment of

Amoskeag Man. Co. v. Gibbs.

the trustee's costs up to the time of filing such motion, unless the court shall restrict the same, an order shall be made and an issue framed for the trial of such question; and on such trial the disclosure so made, and any other competent evidence, may be offered, and judgment shall be rendered on the verdict, as in other cases against trustees. In any such case the debtor may be a competent witness." In this case, it is urged that though there was a disclosure, and a trial by jury ordered, it was not such a case as that the debtor would be a competent witness, first: because the jury trial was not ordered under this section, the trustee's costs not being ordered to be paid, but under the 18th section, which gives the right to a jury trial without any order as to costs; and second, because the issue here is not between the creditor and trustee, as seems contemplated by the 28th section, but between the creditor and Farley, who interposes a claim as indorsee of the notes. We have turned our attention to this point, and it seems to us that these circumstances furnish no just ground of distinction between the cases, and that the legislature could not have intended to make such a difference. In many cases, perhaps ordinarily, the trustee is himself the claimant of the property attempted to be reached by the trustee process, and it is not easy to see why the debtor, regarding him in that character alone, should be made a witness in the case of one claimant, and not in the case of another. The design of the legislature seems to have been, to remove any supposed objection to the principal debtor as a witness, merely on the ground of his position as a party to the suit, in all cases where the title to the property attached is to be tried by a jury. Gibbs, then, should have been admitted as a witness upon the trial. His testimony, however, if not given upon the stand, must be taken in the same mode in which the testimony of other witnesses is required to be taken, and upon notice to the parties to the issue.

As there does not seem to have been any verdict in the case, this opinion is to be certified to the court of common pleas.